# STATE *v.* THE DOUGLAS CO. ROAD CO.

TOLL ROADS—PRIVATE CORPORATIONS.—A county court has no power, under sec. 26 and 28, title 2 of chapter 7, of Mis. Laws, to confer the right upon a private corporation to establish a toll gate, and collect toll, upon a public highway, at a point not embraced in the line of its corporate road.

IDEM—HOW ESTABLISHED.—Location by some appropriate act on the part of such corporation, is essential to the establishment of its corporate road. The mere execution of the agreement proveded for in such sections, can have no such effect.

APPEAL from Douglas County.

*Wm. R. Willis and R. S. Strahan,* for appellant.

*N. B. Knight,* for respondent.

By the Court, WATSON, J.:

This action was brought in the circuit court for Douglas

county, in the name of the state of Oregon, under the provisions of section 353 of the civil code, to annul the corporate existence of the Douglas County Road Company, a private corporation, incorporated under the general law of the state, for the purpose of constructing and maintaining a toll road through the big canyon, in Douglas county.

Several causes of forfeiture are alleged in the complaint, among which is the establishment of a toll gate and the collection of toll, at a point on the public highway leading. through said canyon, but not upon any road located by the corporation. The answer simply controverts the allegation that such toll gate is not upon the corporate road, located by the company, and alleges an agreement with the county court of Douglas county allowing it to establish the toll gate and collect the tolls. The erection of the gate and the collection of tolls thereat is not denied. The state in its replication denies the alleged agreement with the county court. As the action of the circuit court on the trial, in admitting evidence and giving instructions to the jury, relating to the issues thus joined, presents the vital question to be determined here, we shall confine our attention exclusively to this portion of the case. Upon the trial in the court below, the respondent offered in evidence certain portions of the journal of the county court of Douglas county, containing the record of an agreement between the county court and the respondent, the material parts of which are as follows:

"This agreement, made and concluded the 10th day. of April, in the year of our Lord, one thousand eight hundred and seventy four, between the county court. of Douglas county, and sitting as a board for the transaction of county business, and composed of the Hon. Joseph S. Fitzhugh,

county judge, and John Jackson and Levi Kent, commissioners, the party of the first part, and the Douglas County Road Company, a private corporation, formed under the laws of the state of Oregon, on the 20th day of December 1873, and now composed of the following individuals to-wit: A. A. Fink, James F. Gazley and James F. Gazley, Jr., the party of the second part, witnesseth:

That the party of the first part, by virtue of an act of the legislative assembly of the state of Oregon entitled of private corporations, their formation and the appropriation of land for corporate purposes, hereby agree, for and in consideration of the covenant hereafter mentioned, to allow the Douglas County Road Company to appropriate or use and occupy so much of the public highway as lies between the following points to-wit: Commencing at the north-east corner on the lot on which the former toll house now stands, it being conveyed to the Canyon Road Company by S. Marks, B. J. Sidman and H. Wolleberg, and surveyed by A. R. Flint, it being in Cayonville precinct, Douglas county, state of Oregon, and situated in the south-west quarter of the north-east quarter of section 34, township 30 south of range 5 west, and running thence in a southerly direction on the survey of the county road, as exhibited by the maps of said survey now on file in the clerk's office of and for Douglas county, through what is known as the canyon, and terminating at a point where said county road crosses the south line of section 2 in township 32 south of range 5 west. The party of the first part covenants that the parties of the second part shall occupy said portion of the public highway, with all the appurtenances thereto belonging or in any wise appertaining, as a toll road, and that said Douglas County Road Company shall have the privilege of taking toll from

persons traveling over said road, upon the terms and conditions hereafter mentioned.    *    *    *

> J. S. Fitzhugh,
> John Jackson,
> Commissioners of Douglas county.

Witness—L. L. Williams,
> County Clerk.

{ SEAL OF COUNTY
COURT DOUGLAS CO., OR. }

> A. A. Fink,
> Pres't and Director of Douglas Co. Road Co.

> Jas. F. Gazley,
> Sec'y of Douglas Co. Road Co."

The appellant objected to the admission of this evidence, for the reason that the same was incompetent ; that it was not shown that the county court of Douglas county, Oregon, had jurisdiction or authority to make or execute said writing, or that it ever did become, or was at any time necessary or convenient for the defendant, in the location or construction of its road, to appropriate the county road or any part thereof, mentioned in said writing, and for the reason that said writing conferred upon the defendant no power or authority whatever to erect or establish a toll gate upon or across the public highway mentioned in the complaint.    The objection was overruled, the evidence admitted, and appellant excepted.

The following extract from the bill of exceptions in the case, is essential to show the full force of the foregoing objection, while it also shows the instructions given and excepted to, which are relevant to the question before us.

There was no testimony offered during the trial tending to prove that the defendant had ever located, adopted or established any corporate road, other than about one-quarter

of a mile of road, and that not upon the county road where the toll gate mentioned in the complaint is established.

Nor was there any testimony whatever offered tending to prove the jurisdiction or authority of the county court of Douglas county, Oregon, to make or execute said writing, other than what appears upon the face of the writing itself.

Before said cause was finally submitted to the jury, the court, among others, gave the jury the following instructions, to-wit:

I instruct you, as part of the law of this case, that the agreement admitted in evidence is valid and binding, and that it confers upon the defendant the right to erect and maintain a toll gate and collect tolls thereat, upon the county road or public highway therein described.

2. It was not necessary for defendant to locate or construct any corporate road other than is admitted in the pleadings, in order for it to make this agreement with this county court, and to acquire the right to use the public highway.

3. It is not necessary that the defendant shall have maintained its gate on the corporate road ; it had the right to erect and maintain it on any part of the public highway described in the agreement in evidence.

The admission in the pleadings, referred to in the second instruction, was that respondent located about one-half mile of corporate road, but not upon any part of the public highway spoken of.   Under these instructions, the jury found a verdict for the respondent, and judgment was rendered accordingly.   The state appeals therefrom to this court.   It will hardly be questioned that the matters alleged in the complaint, if established by the proof, would have rendered a judgment of dissolution necessary as prayed for.

Section 32, title 2, of chapter 7, of the miscellaneous

laws provides that " a corporation shall only collect and receive toll on its road, at a gate established thereon," &c. This is a section of the general law under which the respondent was incorporated.

Subdivision 1 of section 353, under which this action was brought, expressly makes an offence against the provisions of the general law under which the corporation was formed, a ground for the annulment of its existence; and subdivision 5 of the same section declares that the exercise of a "franchise or privilege not conferred upon it by law," shall also be a cause of forfeiture. It is quite evident therefore, that the decision here must turn upon the efficacy of the agreement appearing upon the records of the county court of Douglas county, and admitted in evidence on the trial in the lower court, to confer upon the respondent the lawful right to maintain a toll gate and collect tolls in the manner charged in the complaint, and proven on the trial, as certified in the bill of exceptions. The record before us shows affirmatively that no evidence was offered on the trial to prove that respondent ever had located or established any corporate road on the public highway, where it erected its toll gate and charged and received tolls.

It had, therefore, no corporate road at that place, unless the agreement itself created one through its own proper operation, unaided by any act of the respondent, save the acceptance of such agreement.

But section 26, title 2, chapter 7, of the miscellaneous laws, which authorizes such agreement, merely confers upon the county court the power to agree with the private corporation "upon the extent, terms and conditions" upon which such portions of the public highway, as may be necessary or convenient, in the location of the corporate road, may be appropriated or used and occupied by such corpora-

tion.    And section 28 of the same title confers upon the county court the power to provide in such agreement for the establishment of toll gates thereon, and the rate of tolls to be collected thereat by such corporation.

Now it seems too plain to admit of discussion that such agreement is permissive merely, and that if it could be legally entered into, in advance of the actual location and establishment of the corporate road, but in contemplation thereof, still there would be no corporate road, until actually located or established by some appropriate corporate act.

The county court is authorized to enter into such agreement only where the appropriation of some portion of the public highway may be necessary or convenient "*in the location*" of the corporate road.    Evidently the legislature designed such portions of the public highway as might be found to lie necessary or convenient "*in the location*" of the corporate road, should be *located* and used as a part of such road.

The agreement in any case merely confers upon the corporation the power *to appropriate*, use and occupy to the extent and on the terms and conditions therein prescribed. By its acceptance of the agreement, the corporation acquires the power to do what is by such agreement permitted to be done.    The county court does not thereby assume to establish the corporate road, but to give the corporation the power to do so on the terms and conditions inserted in the agreement.

We think it wholly unnecessary to discuss the question whether the county court, under sections 26 and 28 above cited, could authorize a private corporation to erect and maintain a toll gate, and charge and receive tolls thereat, at any point on a public highway beyond the limits of its corporate road, or what is the same thing, without establishing

or possessing any corporate road whatever. The language and manifest object of these sections will not permit such an inquiry, regardless of the direct prohibition contained in section 32, title 2, of chapter 7, of the miscellaneous laws, before cited, which declares that " a corporation shall only collect and receive toll *on its road at a gate established thereon.*"

It seems to us wholly immaterial in the present instance, whether the county court should be deemed to act judicially in such proceedings or not. In either view, the respondent had no right, according to the record before us, to do what he is charged with in the complaint, and is conceded to have done. The county court could not give it the right to establish a toll gate and collect tolls on the public highway, and not on its own corporate road. This is just what the record shows the respondent did do, and its attempted justification under its agreement with the county court must necessarily fail.

It is claimed by respondent's counsel that this question has already been settled by the previous decisions of this court. The last case decided by it, involving the effect of this identical agreement, (*C. & G. Road Co.* v. *Stephenson*, 8 Or., 263), certainly goes as far as any of its preceding decisions, and that does not determine this case by any means. The court there held that the agreement might be entered into before a location of the corporate road, and still be valid. This was the point presented in that case and decided. The chief justice, in delivering the opinion of the majority of the court, makes use of some expressions, it is true, which would seem to indicate that he entertained the opinion that the agreement alone was sufficient to confer the right to establish a toll gate and collect toll, upon the respondent, in the manner charged here, without any

further act towards locating and establishing its corporate road.   In this view we are wholly unable to coincide, and as it was not essential in the determination of the particular case, we feel under no obligation to yield to it as authority. Mr. Justice Boise, however, dissented from that decision, taking the same ground in substance that we have taken here.   The conclusion we have reached renders a reversal of the judgment below unavoidable.

Judgment reversed.